## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

---

**WILLIAM WILSON**
**17228 MIDDLETON COURT**
**JEFFERSONTON, VA 22724**

      **Plaintiff,**

      **v.**                 **Civil Action No.**

**BOARD OF EDUCATION**
**OF PRINCE GEORGE'S COUNTY**
**14201 SCHOOL LANE**
**UPPER MARLBORO, MD 20772,**

      **Defendant.**

---

## COMPLAINT

COMES NOW Plaintiff through undersigned counsel states as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory relief; injunctive relief, damages and to secure protection of and to redress deprivation of rights secured by Section 504 of the 1973 Rehabilitation Act, Pub. L. No. 93-112, 87 Stat. 394 (Sept. 26, 1973), codified at 29 U.S.C. § 701 et seq. The U.S. Department of Education has provided Maryland public schools with federal assistance.

2. Venue lies in this District pursuant to 42 U.S.C. § 2000e-5(f)(3) and because the events and occurrences giving rise to this action occurred within this judicial district.

## PARTIES

3. William Wilson is a former employee of Prince George's County Public Schools.

4. The Board of Education of Prince George's County is located in Prince George's County, Maryland.

## CLAIM FOR RELIEF

Failure to Accommodate

5. Mr. Wilson is an algebra teacher who possesses Maryland special education certifications.

6. Mr. Wilson is a fifty-six (56) year old Caucasian man.

7. During the 2011 – 2012 school year, Mr. Wilson was assigned to Dr. Henry Wise High School.

8. In August 2011, Mr. Wilson was assigned to the Transition Program, a special education program that takes place in a traditional classroom.

9. In November 2011, Mr. Wilson was transferred from the Transition Program to the CRI Program, a community based special education program.

10. Under the CRI Program, Mr. Wilson had to escort his students to various internships throughout the community from Monday through Thursday.

11. Due to an injury in 2009, Mr. Wilson suffers from a permanent neuropathy in his left foot that causes him to experience severe pain if he stands or walks for extended periods. Ms. Wilson's leg pain is constant. However, standing or walking increased Mr. Wilson's pain to a level that forces him to sit down and elevate his leg before standing or walking again.

12. The CRI Program required Mr. Wilson to engage in extensive standing and walking.

13. By December 2011, the constant standing and walking was causing Mr. Wilson severe pain and he developed a chronic limp.

14. Mr. Wilson submitted notes from his doctor that restricted his standing to five minutes at any given time.

15. Nonetheless, Dawn Brodus-Yougha, Mr. Wilson's immediate supervisor, ordered him to stand in front of his classroom each morning for hall duty, which meant 20 minutes of continual standing.

16. Dr. Brodus-Yougha would not allow Mr. Wilson to sit down during hall duty, even when he complained about pain.

17. Two other teachers who were assigned to the CRI Program were not required to stand in front of their classrooms.

18. Mr. Wilson filed a written complaint against Dr. Brodus-Yougha with Principal Carletta Marrow.

19. On December 14, 2011, Dr. Brodus-Yougha entered Mr. Wilson's classroom, called Mr. Wilson a liar, pointed her finger in his face, and proceeded to berate him as a teacher.

20. On December 17, 2011, Dr. Brodus-Yougha repeated this behavior. Furthermore, she cancelled the student activities that were scheduled for that day.

21. Mr. Wilson asked to be transferred to a traditional classroom or a program that did not involve constant standing and walking.

22. Principal Marrow saw Mr. Wilson limping around the school and she said he looked like he was in pain.

23. Nonetheless, Principal Marrow refused to transfer Mr. Wilson to a traditional classroom or a program that did not involve constant standing and walking.

24. Principal Marrow told Mr. Wilson that she would not transfer him because is a non-tenured, first year teacher.

25. On December 26, 2011, Mr. Wilson started applying for numerous special education teaching positions at other schools in Prince George's County.

26. However, Mr. Wilson did not get any of these positions.

27. By January 2012, Mr. Wilson's foot pain became so unbearable that he began to experience panic attacks, he could not sleep at night, his blood pressure rose to dangerous levels, and he began throwing up before school.

28. On January 2, 2012, Mr. Wilson asked to be moved back to the Transition Program, but Principal Marrow denied his request.

29. On January 2, 2012, Mr. Wilson requested an accommodation through PGCPS's Americans with Disability Act (ADA) office, but Mr. Wilson never received a response to his request.

30. On January 6, 2012, Mr. Wilson asked to be moved back to the Transition Program, but Principal Marrow once again denied his request.

31. On January 8, 2012, Principal Marrow told Mr. Wilson that he could not apply for positions at other schools because she would deny the transfer.

32. In February 2012, Mr. Wilson's union representative advised Mr. Wilson that he could appeal Principal Marrow's decision to Synthia Shilling, Director of Human Resources, or Monica Goldson, Associate Superintendent.

33. However, the union representative warned Mr. Wilson not to appeal Principal

    Marrow's decision because there would be consequences.

34. Doctor's notes that restricted Mr. Wilson's standing to five minutes continued to

    be ignored.

35. On February 14, 2012, Dr. Brodus-Yougha ordered Ms. Wilson to stand outside

    the school at the end of each day and escort his students to their buses.

36. The task involved 30 to 45 minutes of additional standing and walking.

37. On February 19, 2012, Mr. Wilson appealed Principal Marrow's decision to

    Associate Superintendent Goldson.

38. On February 20, 2012, Ms. Goldson informed Mr. Wilson that she was denying

    his appeal because school is still in session.

Constructive Discharge

39. On February 26, 2012, Ms. Wilson informed PGCPS officials that the constant

    standing and walking was so harmful to his health that he was resigning from his

    $90,840 a year position.

40. On March 3, 2012, Ms. Shilling, Director of Human Resources, also denied Mr.

    Wilson's request for a transfer.

41. At the time Ms. Shilling denied Mr. Wilson's request to be transferred, Human

    Resources informed Mr. Wilson that there were 74 special education teacher

    positions available.

42. On March 4, 2012, Mr. Wilson appealed Principal Marrow's decision to

Superintendent William Hite.  However, in May 2012, Dr. Hite denied Mr.

Wilson's appeal.  In his response, Superintendent Hite did not address Mr.

Wilson's request for a reasonable accommodation.

## Count I - Section 504 of the 1973 Rehabilitation Act (Failure to Accommodate)

43. Mr. Wilson incorporates by reference all of the preceding paragraphs.

44. Mr. Wilson is disabled within the meaning of the Americans with Disabilities Act

(ADA).

45. Mr. Wilson suffers from a neuropathy in his left leg.  Due to severe pain, Mr.

Wilson cannot stand or walk for prolonged periods of time.

46. Mr. Wilson is otherwise qualified for his position, with or without a reasonable

accommodation.

47. Prince George's County Public School officials had actual notice of Mr. Wilson's

disability.

48. Mr. Wilson complained to school official about the pain in his leg due to standing

or walking for extended periods of time.

49. Mr. Wilson developed a chronic limp that was notable.

50. Mr. Wilson submitted notes from his doctor restricting the amount of time Mr.

Wilson could spend on his feet.

51. Mr. Wilson requested a transfer as a reasonable accommodation.

52. Prince George's County Public Schools did not offer Mr. Wilson an

accommodation or grant Mr. Wilson's request to be transferred.

## Count II - Section 504 of the 1973 Rehabilitation Act (Failure to Engage in
## Interactive Process)

53. Mr. Wilson incorporates by reference all of the preceding paragraphs.

54. Prince George's County Public Schools did not engage Mr. Wilson in an

interactive process to determine how Mr. Wilson's disability could be reasonably

accommodated.

## Count III - Section 504 of the 1973 Rehabilitation Act (Constructive Discharge)

55. Mr. Wilson incorporates by reference all of the preceding paragraphs.

56. Prince George's County Public Schools intentionally forced Mr. Wilson to resign

by subjecting him to intolerable working conditions due to the pain in his leg from

prolonged standing and walking.

57. Prince George's County Public Schools failure to accommodate Mr. Wilson's

disability would cause a reasonable person, in Mr. Wilson's position, to resign.

Emotional Pain and Suffering

58. Mr. Wilson continues to experience emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and non pecuniary losses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this court:

(a) Issue a declaratory judgment that Defendant acts, polices, practices and procedures complained of herein-violated Plaintiff's rights as secured by Section 504 of the 1973 Rehabilitation Act, and Order Defendant to make whole Plaintiff who has been adversely affected by the policies and practices described herein in an amount to be shown at trial and other affirmative relief, and

(b) Retain jurisdiction over this action to assure full compliance with the orders of the court and with applicable law and require defendant to file such reports as the court deems necessary to evaluate compliance; and

(c) To award him reasonable attorney's fees and costs of this action; and

(d) Reinstate him to his former position with back pay; and

(e) Award Plaintiff compensatory damages, such as, emotional pain and suffering, specifically embarrassment, humiliation, stress, anxiety, and inconvenience; loss pay, and

(f) Grant such additional relief as the court deems just and proper; and

WHEREFORE, the premises considered, the Plaintiff demands judgment against the Defendant in the amount of ONE MILLION DOLLARS ($1,000,000.00).

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

_____/s/_____

Bryan A. Chapman Bar #012274
Law Office of Bryan A. Chapman
325 Pennsylvania Avenue, S.E.
Washington, D.C. 20003
(202) 558-6168

Attorney for the Plaintiff